# EXHIBIT A

United States of America,

    *Plaintiff*,

v.

DAVID M. SCANLAN in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE,

    *Defendants*.

Case No. 1:25-cv-00371-AJ

[PROPOSED] ANSWER

# NEAL KURK, ROBERT "BOB" PERRY, LOUISE SPENCER, AND CHRISTOPHER COLE'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT

Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole ("Proposed Intervenors") answer Plaintiff's Complaint (ECF No. 1), as follows:

The Complaint begins with three unnumbered paragraphs to which no response is required. To the extent a response is required, Proposed Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

## INTRODUCTION[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

---

[1] These headings are included because they appear in the Plaintiff's complaint and are duplicated to aid and assist in ease of comparison between the Plaintiff's complaint and the Proposed Intervenors' answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenors.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that President Donald Trump signed an executive order on March 25, 2025, but otherwise deny the allegations in this paragraph including that the executive order was issued in compliance with, or in furtherance of, federal law.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statutes contain the quoted text. The cited statutes otherwise speak for themselves. Proposed Intervenors deny that Defendants have violated the Help America Vote Act ("HAVA").

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute speaks for itself. Proposed Intervenors deny that the Attorney General has sole authority to enforce HAVA.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited opinion contains the quoted text. The cited opinion otherwise speaks for itself.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but deny that the action is proper or that Plaintiff is otherwise entitled to any relief.

## JURISDICTION AND VENUE

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Proposed Intervenors otherwise deny the allegations.

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendants are located in New Hampshire.

## PARTIES

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 10.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant State of New Hampshire is a state of the United States of America and is subject to certain provisions of HAVA and the CRA, but otherwise deny that it has any obligations to produce the records at issue in this case.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that David Scanlan is the New Hampshire Secretary of State and that he is sued

in his official capacity.

## STATUTORY BACKGROUND

**A.     The Civil Rights Act of 1960 ("CRA")**

13.     Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20701 *et seq.* empowers the Attorney General to request certain records in certain circumstances and subject to legal requirements. Proposed Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Proposed Intervenors further deny that the Attorney General has stated a sufficient basis or purpose for the records requests at issue in this litigation.

14.     Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

15.     Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny that the statute authorizes the demands that are the subject of this litigation.

**B.     The Help America Vote Act ("HAVA")**

16.     Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited legislative history contains the quoted text. The legislative history otherwise speaks for itself.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that § 21083(b) sets forth rules for voters who register to vote by mail. The statute otherwise speaks for itself.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes New Hampshire.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA. The statute otherwise speaks for itself.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that New Hampshire is exempt from the NVRA but otherwise deny the allegations in Paragraph 25.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that HAVA authorizes the relief the Department of Justice seeks and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit the cited statute contains the quoted text but otherwise deny the allegations in Paragraph 27.

## FACTUAL ALLEGATIONS

28. Proposed Intervenors admit that the cited website contains the quoted text and that the United States Election Assistance Commission (EAC) conducts the biennial Election

Administration and Voting Survey (EAVS). The cited website otherwise speaks for itself.

29. Proposed Intervenors admit that the cited report contains the quoted text. The report otherwise speaks for itself.

30. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny them.

31. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny them.

32. Proposed Intervenors admit that on June 25, 2025, the United States sent a letter to Secretary Scanlan seeking information regarding New Hampshire's voter registration list. The contents of the letter otherwise speak for themselves.

33. Proposed Intervenors admit that the United States's June 25 letter made various requests of Secretary Scanlan. Proposed Intervenors otherwise lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny them.

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited letter contains the quoted text. The contents of the June 25 letter otherwise speak for themselves.

35. Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited letter contains the quoted text. The contents of the June 25 letter otherwise speak for themselves.

36. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 36 and therefore deny them. To the extent Paragraph 36

alleges that New Hampshire has violated HAVA, Proposed Intervenors deny the allegation.

37. Proposed Intervenors admit that the cited June 25 letter contains the quoted text. The contents of the letter otherwise speak for themselves.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States made requests of Secretary Scanlan. Proposed Intervenors otherwise lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 38 and therefore deny them.

39. Admitted.

40. Paragraph 40 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that cited letter contains the quoted text and that New Hampshire is exempt from the NVRA. The contents of the letter otherwise speak for themselves.

41. Proposed Intervenors admit that Secretary Scanlan responded to the United States on July 25 by letter. To the extent a response is required, Proposed Intervenors deny the other allegations in Paragraph 41.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 42.

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 43.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that, consistent with New Hampshire law, Secretary Scanlan did not provide the United States the entirety of New Hampshire's voter registration list. The contents of the letter otherwise speak for themselves.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Department of Justice transmitted a letter to Secretary Scanlan on August 18, 2025. The August 18 letter otherwise speaks for itself. Proposed intervenors deny the remaining allegations in Paragraph 45.

46. Paragraph 46 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited letter contains the quoted text. Proposed Intervenors otherwise deny that the cited statutes authorize Plaintiff's demand for New Hampshire's statewide voter registration list.

47. Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited letter contains the quoted text. The contents of the letter otherwise speak for themselves.

48. Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited letter contains the quoted text. The contents of the letter otherwise speak for themselves.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that the disclosure requested by the Department of Justice is for use by a government agency in carrying out its enforcement authority.

50. Paragraph 50 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. The contents of the letter speak for themselves. Proposed Intervenors otherwise deny that Congress intended that the Department of Justice could demand the information it seeks from New Hampshire.

51. Paragraph 51 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that the federal statutes the Department of Justice cites here authorize its demands in violation of state law.

52. Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 52 and therefore deny them.

53. Paragraph 53 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent that a response is required, Proposed Intervenors deny the allegations in Paragraph 53.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Proposed Intervenors deny the insinuation that New Hampshire has violated HAVA.

## CAUSES OF ACTION

### COUNT I: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

55. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

56. Paragraph 56 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 56.

57. Paragraph 57 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited letter requested sensitive and personal voter information. The contents of the letter otherwise speak for themselves. Proposed Intervenors deny that the CRA or HAVA authorizes the relief the Department of Justice seeks.

58. Proposed Intervenors admit that Secretary Scanlan has not produced the state's voter registration list in the manner requested by the Department of Justice, including all of the sensitive, private voter information demanded, but Proposed Intervenors deny that such refusal violates any federal or state law.

59. Proposed Intervenors deny the allegations in Paragraph 59.

### COUNT II: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

60. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

61. Paragraph 61 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that HAVA requires any of the information or actions listed in Paragraph 61(a)–(g).

### PRAYER FOR RELIEF

The complaint next includes a Prayer for Relief, including sub-paragraphs (1)–(5), demanding equitable and declaratory relief. Proposed Intervenors deny that Plaintiff is entitled to

any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

6. New Hampshire law, *see* N.H. Const., pt.1, Art. 2-b; RSA 654:45(VI), grants Proposed Intervenors the right to keep their highly sensitive personal information confidential, and preservation of those state rights does not conflict with or otherwise violate federal law.

## PROPOSED INTERVENORS' PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: September 30, 2025

Respectfully submitted,

/s/ Steven Dutton

Steven J. Dutton, NH Bar No. 17101
Connor W. Harding, NH Bar No. 276438
Paul Twomey
**McLANE MIDDLETON, P.A.**
900 Elm Street
Manchester, New Hampshire 03101
Telephone: (603) 628-1377
steven.dutton@mclane.com
connor.harding@mclane.com

Paul Twomey, NH Bar No. 2589
**TWOMEY LAW OFFICE**
PO Box 623
Epsom, New Hampshire 03234
Telephone: (603) 568-3254
polotuama7@gmail.com

Elisabeth C. Frost*
David R. Fox*
Christopher D. Dodge*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
efrost@elias.law
dfox@elias.law
cdodge@elias.law
mmcqueen@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
(206) 656-0177
wmckusick@elias.law

*Counsel for Plaintiff*

*\* Pro Hac Vice Applications Forthcoming*