# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID M. SCANLAN in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE,<br><br>*Defendants*. | Case No. 1:25-cv-00371-AJ<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE** |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

I.   Proposed Intervenors are entitled to intervene as a matter of right. ........................ 1

    A.   Intervenors need neither a private right of action nor list maintenance duties............... 1

    B.   The threat to Proposed Intervenors' interests is concrete and particular. ..................... 2

    C.   The State Defendants do not adequately represent Proposed Intervenors. ................... 4

II.   Proposed Intervenors should, alternatively, be granted permissive intervention. ................... 5

CONCLUSION.................................................................................................................... 5

# INTRODUCTION

DOJ initially indicated it wished to keep New Hampshire voters harmed by its invasive demand out of this case. *See* ECF No. 19. It has since wisely reversed course, indicating to Proposed Intervenors in a December 11, 2025 email that it no longer takes any position on the motion to intervene here. Accordingly, no party opposes this motion.

Even if the motion was still contested, the Court has ample grounds to grant it. DOJ's prior arguments either miss the point, run contrary to precedent, or both. Proposed Intervenors are New Hampshire voters whose privacy rights are directly at stake in this case. DOJ does not dispute that it seeks to compel the disclosure of their sensitive personal information—such harm to privacy interests more than suffice to meet Rule 24(a)'s requirements. The State Defendants do not adequately represent this highly personal interest, as they must balance competing interests that diverge from Proposed Intervenors' interests. Finally, intervention will not delay the matter, and the Court can alternatively grant permissive intervention to ensure voters' voices are heard in this litigation involving *their* personal information. Further still, the Proposed Intervenors here—Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole—bring a unique range of experiences and perspectives that will aid the Court here.

Courts across the country have recently granted intervention to similarly situated voters and civic organizations in DOJ's parallel suits to this one.[1] This Court should now do the same.

# ARGUMENT

**I.  Proposed Intervenors are entitled to intervene as a matter of right.**

    **A.  Intervenors do not need a private right of action or list maintenance duties.**

As Rule 24(a)'s "plain text indicates, intervenors of right need only an 'interest' in the

---

[1] *See U.S. v. Oregon, et al.*, No. 6:25-cv-1666, 2025 WL 3496571 (D. Or. Dec. 5, 2025), ECF No. 52 (Ex. A); *U.S. v. Benson, et al.*, No. 1:25-cv-1148 (W.D. Mich. Dec. 9, 2025), ECF No. 45 (Ex. B); *U.S. v. Weber, et al.*, No. 2:25-cv-09149 (C.D. Cal. Nov. 19, 2025), ECF No. 70.

litigation—not a 'cause of action' or 'permission to sue.'" *Jones v. Prince George's County*, 348 F.3d 1014, 1018 (D.C. Cir. 2003). Rule 24 thus permits interested parties to intervene regardless of whether they have a right to sue. *E.g.*, *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 531 (1972) (upholding intervention even where statute barred intervenor from "initiating a private suit"); *Willis v. Firestone Bldg. Prods. Co.*, 231 F.R.D. 447, 449 (D. Conn. 2005) ("A party seeking to intervene . . . need not have an independent cause of action to be considered to have an interest within the scope of Rule 24(a)."); Ex. A at 3 (rejecting DOJ's argument); Ex. B at 4–5 (same). And Proposed Intervenors seek to join *as defendants*, who never need a right of action.

DOJ cites nothing that supports its contrary claim. *Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008), does not involve intervention at all. And, while the court in *United States v. Alabama* opined in dicta that the Help America Vote Act ("HAVA") does not imply a private right of action, it did not suggest that *intervenors* must have such a right. *See* No. 2:06-cv-392, 2006 WL 2290726, at *4 (M.D. Ala. Aug. 8, 2006). Finally, impairment of interests was not in dispute in *United States v. New York State Board of Elections*, 312 Fed. App'x 353 (2d Cir. 2008).

DOJ's argument that HAVA and the Civil Rights Act do not contemplate private parties as defendants similarly fails. Congress knows how to impose statutory limits on intervention, *see, e.g.*, 31 U.S.C. § 3730(b)(5) ("When a person brings an action under [a section of the False Claims Act], *no person other than the Government may intervene*.") (emphasis added), but it did not do so for suits brought under HAVA or the Civil Rights Act. Rule 24 thus governs, and by its plain terms "anyone" who meets its requirements may intervene. Fed. R. Civ. P. 24(a)(2).

### B. The threat to Proposed Intervenors' interests is concrete and particular.

DOJ claims the harm to Proposed Intervenors' is "speculative." Opp'n at 13–15, ECF No. 19. But there is no doubt that, if DOJ prevails, DOJ would be given access to Proposed Intervenors' sensitive voter information that is protected by state law. RSA § 654:45(VI); *see also* N.H. Const.

2

pt. 1, art. 2-b. DOJ does not dispute that it intends to obtain this information and proliferate it across the federal government. Such unauthorized disclosure and distribution of private information is an adequate Rule 24 interest. *See Sakab Saudi Holding Co. v. Aljabri,* No. 1:21-cv-10529-NMG, 2021 WL 8999588, at *2 (D. Mass. Oct. 26, 2021); Ex. A at 3; Ex. B at 4.

DOJ gets the law wrong again when it claims that the harm to Proposed Intervenors is not sufficiently particularized. A violation of an individual's privacy is inherently "particularized"— disclosure of private, personal information affects each person in a "personal and individual way," even if many people are similarly affected. *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)); Ex. B at 9–10.[2] Moreover, even the stricter requirements of Article III standing are met when "large numbers of voters" suffer a "widely shared" injury like this one. *FEC v. Akins*, 524 U.S. 11, 24 (1998).

DOJ also fails to dispute the acute harm to Proposed Intervenors' specific interests. Mr. Kurk, for example, led the effort to enshrine privacy rights in New Hampshire's Constitution. *See* Kurk Decl. ¶ 3. Permitting DOJ to prevail would undermine his decades of work as a Republican legislator to promote privacy rights in New Hampshire. *Id.* ¶¶ 4, 12. Granting DOJ's requested relief would also hamper Mr. Perry's work for Open Democracy protecting voter rights. *See* Perry Decl. ¶¶ 3, 8–9, 11. Ms. Spencer fears the federal government will use sensitive information to retaliate against those who speak out in opposition to the current administration's policies, undercutting her civic engagement efforts with Kent Street Coalition. *See* Spencer Decl. ¶¶ 3–5,

---

[2] DOJ claims a court recently found similar privacy concerns "unfounded," Opp'n at 14, but that is wrong. The parties there—DOJ and a board of elections—promptly reached a consent judgment without any findings about privacy. Consent J. & Order at 3, 12, *U.S. v. N.C. State Bd. of Elections*, 5:25-cv-00283 (E.D.N.C. Sep. 8, 2025), ECF No. 72. That agreement mooted intervention motions by parties seeking to protect voter privacy, but the court made no adverse finding as to their asserted interests.

10. Proposed Intervenors, including Mr. Cole, seek to protect their *own* privacy. *See* Cole Decl. ¶¶ 7, 9–12; Kurk Decl. ¶ 13; Perry Decl. ¶ 10; Spencer Decl. ¶ 10.[3] As other courts have recently held, these personal privacy interests satisfy Rule 24(a). *See* Ex. A at 3; Ex. B at 10.

### C. The State Defendants do not adequately represent Proposed Intervenors.

DOJ is wrong to assert that State Defendants adequately represent Proposed Intervenors. The Supreme Court has held that it "normally is not enough to trigger a presumption of adequate representation" when the intervenors' "interest is similar to, but not identical with, that of one of the parties." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 197 (2022). That is the case here—Proposed Intervenors seek to protect their privacy and civic endeavors, while Defendants have competing governmental interests, including list maintenance, conserving state resources, and avoiding confrontation with the federal government. These interests are not sufficiently identical to presume adequate representation. *Trbovich* shows why. As the Supreme Court explained in *Berger*, "[a]t a high level of abstraction, the [*Trbovich*] union member's interest and the Secretary's might have seemed closely aligned," but presuming adequate representation was not warranted because "the union member sought relief against his union, full stop," while the Secretary had to "bear in mind broader public-policy implications." 597 U.S. at 196.[4]

---

[3] DOJ claims "counsel for the Proposed Intervenors recently obtained through litigation a more extensive" voter list than DOJ requests. Opp'n at 16 (citing *Coal. for Open Democracy v. Scanlan*, No. 24-CV-312, 2025 WL 1503937, at *2 (D.N.H. May 27, 2025)). That is wrong. The district court in that case excluded much of the information, including social security numbers and other personal identifying information, that DOJ demands here, and the protective order governing that protection sharply limited who could view it, how, and for what purposes—including a prohibition on accessing it from any internet-connected device. *See* Protective Order & Schedule A, *Open Democracy* (June 18, 2025), ECF Nos. 87 & 87-1.

[4] The Ninth Circuit has recognized that *Berger* "calls into question whether the application of such a presumption is appropriate" when parties' interests are not "identical." *Callahan v. Brookdale Senior Living Cmtys. Inc.*, 42 F.4th 1013, 1021 n.5 (9th Cir. 2022). DOJ's effort to rely upon case law predating that observation thus misses the mark. *See* Opp'n at 18.

At bottom, Defendants' interests "are necessarily constrained by [their] view of the public welfare." *Conservation L. Found. of New Eng., Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992) (reversing denial of intervention). They must reconcile "numerous complex and conflicting interests," *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973 (3d Cir. 1998), including in election administration, budget management and coordination with federal agencies. And given that the President has already threatened to withhold election funding from States that defy him, *e.g.,* Exec. Order No. 14,248, 90 Fed. Reg. 14005, §§ 5(b), 7(b) (Mar. 25, 2025), it is critical to include the voices of private citizens who face no such direct pressure from the President and DOJ. *See* Ex. A at 4–5 (finding this element of Rule 24(a) satisfied on similar facts); Ex. B at 11 (same).

II.   **Proposed Intervenors should, alternatively, be granted permissive intervention.**

Because DOJ concedes that Proposed Intervenors' motion is timely and raises a defense that shares a common question of law or fact with the main action, *see* Opp'n at 20, the only element of permissive intervention in dispute is whether intervention will unduly delay the litigation or prejudice the original parties' rights. Fed. R. Civ. P. 24(b)(3). But DOJ has no basis to argue delay—Proposed Intervenors moved to intervene just five days after DOJ sued and are prepared to file a motion at the Court's convenience—no existing deadlines will be altered. In contrast, *DOJ* delayed this matter by moving to stay during the pendency of the government shutdown, *see* ECF No. 29, and then failing to notify the Court when shutdown ended. *See* Endorsed Order (Oct. 1, 2025); Endorsed Order (Nov. 24, 2025).

Furthermore, Proposed Intervenors will aid the Court's resolution of this case by representing the perspective of civic society, which is directly impacted by DOJ's meddling. *See Weber*, No. 2:25-cv-09149, ECF No. 70 (granting permissive intervention to civic organizations).

**CONCLUSION**

Proposed Intervenors ask that this Court grant their now unopposed Motion to Intervene.

5

Dated: December 16, 2025               Respectfully submitted,

/s/ Steven J. Dutton
Steven J. Dutton, NH Bar No. 17101
**McLANE MIDDLETON, P.A.**
900 Elm Street
Manchester, New Hampshire 03101
Telephone: (603) 625-6464
steven.dutton@mclane.com

Paul Twomey, NH Bar No. 2589
**TWOMEY LAW OFFICE**
PO Box 623
Epsom, New Hampshire 03234
Telephone: (603) 568-3254
polotuama7@gmail.com

Elisabeth C. Frost*
David R. Fox*
Christopher D. Dodge*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
efrost@elias.law
dfox@elias.law
cdodge@elias.law
mmcqueen@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
(206) 656-0177
wmckusick@elias.law

*Counsel for Plaintiff*

*\* Pro Hac Vice Applications Submitted*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, the foregoing document was served via e-mail on all counsel of record.

<em>/s/ Steven J. Dutton</em>