**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

      v.                                            Case No. 25-cv-371-AJ

David Scanlan, in his official
capacity as Secretary of State
for the State of New
Hampshire, and the State of
New Hampshire


**ORDER**

David Scanlan, the New Hampshire Secretary of State, refused the United States Department of Justice's demands for New Hampshire's current statewide voter registration list including active and inactive voters' full name, residential address, and either their state driver's license number or the last four digits of their social security number.  The United States brought this suit pursuant to the Civil Rights Act of 1960, 52 U.S.C. § 20703, and the Help America Vote Act ("HAVA"), 52 U.S.C. § 21083, to compel New Hampshire's disclosure of the list.  See Compl. (Doc. No. 1).

Invoking Federal Rule of Civil Procedure 24, four New Hampshire voters, Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole, move to intervene to assert their privacy rights.  See Mot. to Int. (Doc. No. 6).  As New Hampshire registered voters, their personal information is contained

within the list sought by the United States.  The United States
filed a memorandum in opposition to the proposed intervenors'
motion, (Doc. No. 19), before filing a notice of no position,
(Doc. No. 21).  The proposed intervenors filed a reply.  See
Reply (Doc. No. 22).

     For the following reasons, the motion to intervene is
granted.

### I.   **Background**

     In June 2025, the United States sent Secretary Scanlan a
letter seeking information regarding New Hampshire's compliance
with Section 303 of HAVA.  Doc. No. 1 ¶ 32.  The letter made 15
requests.  Id. ¶ 33.  One of those requests sought New
Hampshire's current statewide voter registration list including
active and inactive voters.  Id. ¶ 38.  Secretary Scanlan
responded and, in part, explained that state law did not allow
him to provide the statewide voter registration list to the
United States but that the United States could seek public data
from each municipality directly.  Id. ¶ 44.  The United States
and Secretary Scanlan exchanged further letters disputing the
legal authority for the United States' request and Secretary
Scanlan's refusal to provide the list.  See id. ¶¶ 45–52.

     On September 25, 2025, the United States initiated this
action seeking to compel the statewide voter registration list.

See generally id.  On September 30, 2025, the proposed intervenors moved to intervene.  See Doc. No. 6.

## II.  **Discussion**

Federal Rule of Civil Procedure 24 permits intervention as a matter of right and permissively.  The proposed intervenors argue that they meet both standards.  Because the court finds that permissive intervention is warranted, it does not determine whether the proposed intervenors are also entitled to intervene as of right.

Rule 24(b) provides that, "[o]n a timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1).  This is a "low threshold." Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n, 197 F.3d 560, 568 (1st Cir. 1999).  After the threshold is met, whether to allow intervention is left to the court's discretion. The rule, however, expressly requires the court to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  In sum, the court must first determine whether the proposed intervenors' motion was timely, and whether their defenses share a common question of law or fact with the main action.  The court must then exercise its discretion and,

factoring in the risk of undue delay or prejudice, determine whether intervention is appropriate.

There is no dispute that the proposed intervenors' motion was timely—filed five days after the United States filed its complaint.  See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 64 (1st Cir. 2008) (affirming district court's grant of motion to intervene where it was filed before the case progressed beyond the initial stages).

The court thus turns to whether the proposed intervenors' defenses share a common question of law or fact with the underlying action.  Here, intervention would inject no new questions of law or fact.  The parties' and proposed intervenors' interests in this action are the same: the legality of the United States' request seeking New Hampshire's production of its statewide voter registration list.  The proposed intervenors' defenses are not tangential to the underlying action but rather directly responsive to the United States' claims.  The court notes that the proposed intervenors' stated interest in the action—the protection of their personal information—does not warrant particular inspection under Rule 24(b).  See 7C Kane & Stein, Fed. Prac. & Proc. Civ. § 1911 (3d ed.) ("Close scrutiny of the kind of interest the intervenor is

thought to have seems especially inappropriate under Rule 24 since it makes no mention of interest.").

The proposed intervenors have, therefore, satisfied the "low threshold" of timeliness and commonality required by Rule 24(b)(1).  It is then left to the court's discretion whether to permit intervention.  The court's discretion is "very broad" and "the district court can consider almost any factor." Daggett v. Comm'n on Gov't Ethics & Election Pracs., 172 F.3d 104, 113 (1st Cir. 1999).  One factor the court may consider in exercising its discretion is whether the proposed intervenors "may be helpful in fully developing the case." T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 41 (1st Cir. 2020) (quoting Daggett, 172 F.3d at 113).  Here, the proposed intervenors' presence would assist the court in deciding the issues before it.  The proposed intervenors are registered New Hampshire voters whose personal information would be distributed to the Department of Justice were the United States to prevail in this action.

Prior to taking no position, the United States argued that permissive intervention should be denied because defendants are capable of adequately representing the proposed intervenors' interests and objectives.  "However, inadequate representation of the proposed intervenor[s'] interests by the existing parties is a precondition to obtaining intervention of right, not permissive intervention." Tirrell v. Edelblut, No. 24-cv-251-

5

LM-TSM, 2025 WL 1939965, at *4 (D.N.H. July 15, 2025) (citing Victims Rts. L. Ctr. v. Rosenfelt, 988 F.3d 556, 560-61 (1st Cir. 2021)).  While courts exercising their discretion "should ordinarily" consider adequate representation, T-Mobile, 969 F.3d at 41, intervention may still be appropriate where adequate representation exists "if the addition of the intervenors will assist in the just and equitable adjudication of any of the issues between the parties." Tirrell, 2025 WL 1939965, at *4 (citing Allco Fin. Ltd. v. Etsy, 300 F.R.D. 83, 88 (D. Conn. 2014)); see also South Dakota ex rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (characterizing adequacy of representation as "a minor variable in the Rule 24(b) decision calculus"); United States v. Columbia Pictures Ind., Inc., 88 F.R.D. 186, 189 (S.D.N.Y. 1980) (same).  Even assuming that the proposed intervenors' interest is adequately represented by defendants, their presence in this suit will assist the court in the just and equitable adjudication of this matter.

Finally, permitting intervention here will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  This case is in its earliest stages.  Defendants have yet to respond to the complaint.  Given this procedural posture, intervention will cause no significant delay and will not prejudice the other

parties' rights.  While true, the addition of more parties "always take[s] additional time," Kane & Stein, <u>supra</u> § 1913, inclusion of the proposed intervenors would not unduly delay litigation.

In light of these circumstances, the court exercises its discretion to allow permissive intervention.  <u>See</u> Fed. R. Civ. P. 24(b).

### III. <u>Conclusion</u>

Kurk, Perry, Spencer, and Cole's motion to intervene (Doc. No. 6) is granted.  The court will treat them as defendants going forward.

SO ORDERED.

Andrea K. Johnstone
United States Magistrate Judge

January 5, 2026

cc:  Counsel of Record

7