UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. SCANLAN in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE,<br>Defendants. | CASE NO: 1:25-cv-00371-AJ<br><br>DECLARATION OF ERIC NEFF IN SUPPORT OF THE DEMAND TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq*. |

**DECLARATION**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently Acting Chief of the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's motion to compel production of election records pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2. The Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*., requires each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3. One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of HAVA, including the filing of enforcement actions for noncompliance.

4. On June 25, 2025, the Attorney General, through her representatives, made a written request to Secretary Scanlan, as the chief election official for the State of New Hampshire, seeking information regarding New Hampshire's compliance with Section 303 of HAVA, 52 U.S.C § 21083.

5. On July 25, 2025, Secretary Scanlan responded to the United States' June 25 Letter. Secretary Scanlan's July 25 Letter failed to provide sufficient information to evaluate New Hampshire's compliance with its list maintenance obligations under HAVA Section 303.

6. On August 18, 2025, the Attorney General sent a letter demanding New Hampshire's SVRL pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*. and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et. seq.*

7. In the August 18 Letter the Attorney General made a demand pursuant to the Civil Rights Act, for the electronic copy of the SVRL specifying that it includes each registrant's Driver's License number or last four digits of the social security number as required by HAVA for federal registration.

8. The letter also informed Secretary Scanlan that the purpose of the demand for these records was to ascertain New Hampshire's compliance with the list maintenance requirements of federal laws, specifically HAVA.

9. The letter further explained that HAVA specifies that "the last four digits of a social security number…shall not be considered to be a social security number for purposes of Section 7 of the Privacy Act of 1974 (5 U.S.C. § 522a note)." 52 U.S.C. § 21083. The demand also instructed that any prohibition of disclosure of a motor vehicle record contained in the Driver's Privacy Protection Act, codified at 18 U.S.C. §2721(b)(1), is exempted, when the disclosure is for use by a government agency in carrying out the agency's enforcement authority, which the Department of Justice is now endeavoring to do.

10. The letter also explained to Secretary Scanlan that the Attorney General would keep all data received secure and treat it consistently with the Privacy Act. The Justice Department's requests came with instructional information for the secure transmission of the statewide VRLs to the Justice Department by way of encryption. (*See* August 18 Letter).

11. The request specified a deadline for responses of seven days.

12. On August 28, 2025, Secretary Scanlan refused to provide the Attorney General with an electronic copy of New Hampshire's statewide VRL.

13. True and correct copies of the Justice Department letters dated June 25, 2025, and August 18, 2025, and the reply letters by Secretary Scanlan dated July 25, 2025, and August 28, 2025, are attached to the Memo in support of this Motion. Exhibits 1-4.

14. A true and correct copy of the Order denying a temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 5.

15. A true and correct copy of the Order denying intervention in *United States v. North Carolina State Board of Election*, *et. al*., Case No. 5:25-cv-00283-M-RJ as cited in the Memorandum of Support is attached hereto as Exhibit 6.

I declare under the penalty of perjury that the above statements are true and correct. Executed on January 29, 2026.

Dated: January 29, 2026, at Washington, DC.

*/s/ Eric Neff*

Eric Neff