UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:25-cv-00371-AJ |
| DAVID M. SCANLAN, in his official capacity ) as Secretary of State for the State of ) New Hampshire, and the STATE OF NEW ) HAMPSHIRE, ) | |
| Defendants. ) | |

Daniel E. Hall,
    Proposed Intervenor,
v.
NEAL KURK, ROBERT "BOB" PERRY, LOUISE SPENCER, AND CHRISTOPHER COLE,
    Proposed/Permitted Intervenors.

### PRO SE MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING AN ORDER LIMITING INTERVENORS' PARTICIPATION
### (FED. R. CIV. P. 24(b))

Proposed Intervenor Daniel E. Hall, appearing pro se, respectfully moves under Fed. R. Civ. P. 24(b) to intervene for the limited purpose of requesting an order limiting the scope of participation of the private voter-intervenors (Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole) to issues that directly implicate their asserted personal-data interests (e.g., confidentiality conditions, protective orders, scope/redaction/ minimization), and prohibiting litigation positions and relief requests that exceed that interest (e.g., wholesale merits defenses, motions to dismiss, and case-dispositive relief).

Courts have long recognized that allowing private parties without Article III responsibility for enforcing federal law to assume unrestricted merits-defendant status carries structural risks. When permissive intervention is untethered from the intervenor's asserted interest, it can effectively transfer control of sovereign litigation to actors who lack enforcement authority, lack

institutional accountability, and **do not necessarily have Article III standing to litigate the statutory merits in their own right**. Rule 24's conditional-intervention mechanism exists precisely to avoid that outcome by permitting participation where appropriate while preserving Article III limits, party alignment, and the proper allocation of adjudicatory responsibility. This Motion is narrowly tailored and is filed to protect the integrity of Rule 24's interest limitation principle and to prevent overbroad intervention from displacing the elected State defendants' litigation posture on core merits issues. In support, Proposed Intervenor states as follows:

**I. INTRODUCTION AND RELIEF REQUESTED**

1. This action concerns DOJ's request for statewide voter registration list information.
2. Private individuals moved to intervene "as defendants" under Rules 24(a) and 24(b). (See Doc. 6.)
3. Their filing frames intervention as necessary to protect the intervenors' personal information and privacy interests. (See supporting memorandum and proposed answer, to be attached as exhibits once filed/served.)
4. However, the intervenors' proposed pleadings and requested relief (as reflected in their proposed answer and merits positions) extend beyond protecting personal data and instead contest broad merits issues and seek case-dispositive relief.
5. Proposed Intervenor seeks limited permissive intervention under Rule 24(b) solely to request a case- management limitation: the intervenors should be confined to arguments and requests for relief that bear directly on their asserted personal-data interests.

Requested Order (summary):

A. Permit Proposed Intervenor to intervene under Rule 24(b) for the limited purpose described;

B. Limit private intervenors' participation to confidentiality/minimization issues directly tied to their asserted personal-data interests;

C. Prohibit intervenors from seeking dismissal of the complaint, moving for dispositive relief, or litigating sovereign/statewide merits positions beyond what is necessary to protect their data interests;

D. Alternatively, require intervenors to confer with Defendants and obtain leave of court before filing any dispositive motion or merits brief addressing statutory authority issues unrelated to protective conditions.

## II. PROPOSED INTERVENOR'S INTEREST

*(NARROW, PROCEDURAL, AND CASE-MANAGEMENT ORIENTED)*

6. Proposed Intervenor is a New Hampshire registered voter and resident of Manchester, in Hillsborough County.

7. Proposed Intervenor has a concrete civic and procedural interest in ensuring that the Court's Rule 24 process is applied consistent with its text and purpose—specifically, that private parties admitted (if at all) on a narrow personal-privacy rationale are not permitted to expand the litigation into a full merits dispute that displaces or distorts the elected Defendants' institutional defense.

8. Proposed Intervenor does not seek to relitigate election outcomes, does not seek to inject new claims or defenses, and does not seek to control the State's litigation strategy. The relief sought is limited to enforcing Rule 24's scope-tethering function and preventing overbreadth, duplication, and prejudice arising from unrestricted intervention.

9. This interest is distinct from, and narrower than, the generalized policy, ideological, or civic-advocacy interests asserted by Proposed Intervenors. As the United States explained in its Opposition, neither HAVA nor the Civil Rights Act confers a private right of action or contemplates private parties as defendants in federal enforcement actions; Congress deliberately limited enforcement authority to the Attorney General and responsibility to States, jurisdictions, and their election officials.

10. Even assuming arguendo that private voters may raise concerns regarding the handling of their personal information, such concerns do not support a legally protectable interest in litigating the merits of HAVA or CRA enforcement, nor in seeking dismissal, judgment, or fee-shifting. At most, they support a narrow, case-management-oriented interest in ensuring appropriate confidentiality, minimization, and protective safeguards.

11. The Reply confirms why scope tethering is necessary. Proposed Intervenors expressly seek intervention to ensure that "voters' voices are heard," to inject a "civic society" perspective, and to counter alleged political or institutional pressures—interests that are not confidentiality-based and that underscore the need for express limitations if intervention is permitted.

12. Proposed Intervenor's interest is therefore properly framed as one of **procedural integrity**: ensuring that Rule 24 is not used as a vehicle for statutory circumvention, merits takeover, or multiplication of parties beyond what Congress and the Federal Rules permit.

### III. PERMISSIVE INTERVENTION IS APPROPRIATE ONLY IF STRICTLY CONDITIONED *(RULE 24(b))*

13. Rule 24(b)(1)(B) authorizes permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." Even where that threshold is met, Rule 24(b)(3) expressly requires the Court to consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights."

14. Proposed Intervenors' stated basis for permissive intervention is limited to protection of their own sensitive personal information from alleged improper disclosure. To the extent that interest exists, it overlaps with the underlying action only in a narrow sense—namely, whether any production of voter-registration data must be subject to confidentiality, redaction, or minimization safeguards.

15. Permissive intervention, however, does not confer an entitlement to litigate the full merits of a sovereign enforcement action, to assert global statutory or constitutional defenses, or to seek case-dispositive relief. The Rule vests the Court with broad discretion to impose reasonable conditions to ensure orderly adjudication, prevent duplication, and avoid undue prejudice or delay.

16. Here, the need for such conditions is evident not only from Proposed Intervenors' memorandum, but from their own Proposed Answer and Reply. Those filings confirm an intent to assume the posture of full merits defendants rather than limited participants tethered to a personal-data interest.

17. In their Proposed Answer, Proposed Intervenors categorically deny all allegations, deny that Plaintiff is entitled to any relief "in this action," advance comprehensive statutory and constitutional defenses under HAVA and the Civil Rights Act, challenge DOJ's

enforcement authority, and seek dismissal, judgment, and attorneys' fees—relief that is inherently dispositive and wholly untethered to any privacy-only intervention rationale.

18. The Reply reinforces this expansion. Rather than narrowing their request, Proposed Intervenors argue that Rule 24 permits "anyone" to intervene, that intervention is warranted to present a "civic society" perspective, and that private citizens must counter alleged federal and executive pressure—arguments directed to merits, policy, and institutional balance, not confidentiality safeguards.

19. Allowing permissive intervention without express limitations would therefore substantially expand the scope of the litigation, duplicate sovereign defenses already asserted by the State Defendants, and risk prejudice by multiplying parties and issues in what Congress designed as a streamlined federal enforcement action.

20. As the United States observed, "multiplying the number of parties in a case will often lead to delay," and where voter-privacy concerns are asserted, those concerns can be fully addressed through statutory protections, the Privacy Act, and tailored protective orders—without conferring party status or merits control on private individuals.

21. Accordingly, while permissive intervention may be appropriate in principle, it is appropriate only if conditioned to confine Proposed Intervenors' participation to issues directly related to protection of personal identifying information and to preclude merits-dispositive participation absent further leave of Court. Alternatively, participation as amicus curiae provides an adequate and well-recognized vehicle for any broader policy perspectives.

## IV. LIMITATION IS WARRANTED TO PREVENT SCOPE CREEP AND PREJUDICE

22. Proposed Intervenors seek intervention on a stated privacy and confidentiality rationale—i.e., to "defend their privacy rights" and prevent "improper disclosure" of "sensitive and personal information." That rationale, standing alone, supports only narrow, protective participation.

23. A privacy-based interest can justify participation in determining how information is handled, but it cannot logically subsume the antecedent legal question of whether Congress authorized the enforcement action itself. By declining to examine the scope of the intervenors' asserted interest, the Court permitted a downstream privacy rationale to be used as a vehicle for upstream merits adjudication.

24. Their supporting memorandum, however, demonstrates a litigation posture that extends materially beyond confidentiality safeguards and into broad merits advocacy. The memorandum frames this case as part of an "unprecedented nationwide campaign," characterizes DOJ's suit as an "assault" on New Hampshire's "constitutional prerogative," and advances extensive arguments on federalism, separation of powers, and statutory interpretation under NVRA and HAVA—issues the elected State Defendants are fully positioned to litigate.

25. The memorandum further advances merits and motive arguments, asserting that DOJ seeks a national voter database to support "unfounded accusations" and contending that HAVA "plainly does not authorize" DOJ's demands and that the Civil Rights Act "has no application here." These arguments do not concern confidentiality, redaction, or minimization; they concern dismissal on the merits.

26. The Proposed Answer confirms that this expansion is not theoretical. As pleaded, Proposed Intervenors seek to deny all relief, assert global affirmative defenses, challenge

DOJ's statutory authority, obtain dismissal of the Complaint, and recover attorneys' fees—thereby assuming the role of full defendants in a sovereign enforcement action.

27. The Reply compounds the problem. Proposed Intervenors double down on broad participation, asserting a need to present "voters' voices," a "civic society" perspective, and to litigate alleged federal retaliation and executive pressure. They further allege that DOJ will "proliferate" voter information across the federal government—an accusation aimed at institutional motive and merits, not at tailoring confidentiality protections.

28. The United States' Opposition did not frame the issue as "scope creep," but it squarely identified the underlying problem: Proposed Intervenors seek a role in a federal enforcement action that Congress did not authorize and that Rule 24 does not require. This Motion addresses the same concern from a case-management perspective, recognizing that if intervention is permitted at all, it must be expressly limited.

29. As the United States explains, Congress deliberately limited both enforcement authority and party status under HAVA and the CRA to the Attorney General and responsible state and local officials. Private parties neither bear statutory responsibility for voter-list maintenance nor face liability under the enforcement provisions at issue, and their asserted privacy concerns are speculative, already addressed by federal law, and readily managed through protective orders and Privacy Act safeguards.

30. These features illustrate precisely the "scope creep" Rule 24 limitations are designed to prevent: private parties admitted (if at all) on a narrow personal-interest rationale converting that interest into a platform for wholesale merits briefing, duplicative sovereign defenses, fee-shifting exposure, and case-dispositive litigation strategy that may supplant or distort the elected Defendants' institutional posture.

31. The procedural posture further supports entry of explicit participation limits. The United States initially opposed intervention Doc. 19 [1], but subsequently filed a Notice advising the Court that it "now takes no position" on the Motion to Intervene or the request for leave to file a reply Doc. 21. In light of that posture, the Court is left primarily with Proposed Intervenors' requested scope and this Motion's proposed guardrails. If intervention is permitted, it should be permitted only on express conditions tethering participation to confidentiality and minimization issues and preventing case-dispositive merits takeover.

32. Proposed Intervenors cite an Oregon district court decision granting intervention by private voters based on asserted privacy concerns. That decision, however, underscores the importance of express scope limitations. The Oregon court applied Ninth Circuit precedent interpreting Rule 24 "broadly in favor of intervention" and did not address post-intervention scope control or merits participation. Doc. 22.1 [2], Here, by contrast, the record affirmatively demonstrates that Proposed Intervenors seek to expand beyond confidentiality into statutory merits, dismissal, and policy advocacy. Where Rule 24 is applied expansively, explicit conditions are necessary to prevent precisely that result.

33. Proposed Intervenors also cite a Michigan district court order granting intervention by certain private voters based on asserted privacy interests in preventing disclosure of

---

[1] The United States' Opposition did not frame the issue as 'scope creep,' but it squarely identified the underlying problem: Proposed Intervenors seek a role in a federal enforcement action that Congress did not authorize and that Rule 24 does not require. This Motion addresses the same concern from a case-management perspective, recognizing that if intervention is permitted at all, it must be expressly limited.

[2] The Oregon district court order cited by Proposed Intervenors applied Ninth Circuit precedent interpreting Rule 24 broadly in favor of intervention and did not address post-intervention scope control or a record demonstrating merits-dispositive objectives; it therefore does not resolve whether express participation limits are required where intervenors' own filings show intent to expand beyond confidentiality.

personal information to DOJ. Doc. 22.1 [3]. That order, however, illustrates why Rule 24 case-management remains essential even when intervention is permitted: the court denied a second motion to intervene where an existing intervenor would adequately represent the same interests, thereby preventing needless multiplication of parties. Doc. 22.1. Here, the record affirmatively demonstrates that Proposed Intervenors seek to expand beyond any privacy-only interest into merits defenses, dismissal, and fee-shifting. Accordingly, if intervention is granted, it should be granted only on express conditions tethered to confidentiality and minimization issues.

34. A tailored limitation order avoids prejudice and promotes efficient adjudication while fully protecting any legitimate personal-data interests. Proposed Intervenors may be heard on matters directly tied to confidentiality—such as protective-order terms, redaction or minimization protocols, secure handling, and access controls—but should be prohibited, absent further leave of Court, from filing or joining dispositive motions, seeking dismissal, asserting global affirmative defenses, or briefing broad statutory-merits issues except insofar as necessary to support a specific confidentiality or minimization condition.

## V. NO UNDUE DELAY

35. This Motion is filed promptly upon review of the intervention pleadings and seeks only a narrow case-management remedy. It will not delay resolution of the merits and will streamline briefing.

---

[3] The Michigan district court order cited by Proposed Intervenors granted intervention based on asserted privacy interests but did not address post-intervention scope control or consider a record in which proposed intervenors sought dismissal, merits adjudication, or fee-shifting; accordingly, it does not undermine the need for express participation limits where, as here, the intervenors' own filings demonstrate intent to expand beyond confidentiality.

36. For the foregoing reasons, Proposed Intervenor respectfully requests that the Court grant permissive intervention under Rule 24(b) for the limited purpose described and enter an order limiting private intervenors' participation to issues directly tied to their asserted personal-data interests, as set forth in the Proposed Order submitted herewith.

## VI. CONCLUSION

For the foregoing reasons, Proposed Intervenor respectfully requests that the Court grant this Motion and enter the accompanying Proposed Order limiting the scope of intervention to issues directly related to personal-data confidentiality, minimization, and protective handling, and prohibiting merits-dispositive participation absent further leave of Court. This tailored relief preserves orderly adjudication, prevents undue prejudice and party multiplication, and ensures that the underlying statutory merits remain litigated by the proper parties.

Dated: February 8, 2026

Respectfully submitted,

/s/ Daniel E. Hall
Daniel E. Hall, pro se
393 Merrimack Street
Manchester, N.H. 03103
603-948-8706

## LOCAL RULE 7.1(c) CERTIFICATION

Pursuant to LR 7.1(c), the undersigned certifies that he did not confer with counsel for the proposed intervenors prior to filing this Motion. The positions of the proposed intervenors regarding the scope of intervention have been fully stated in their memorandum, proposed answer, and reply, and the Court has already granted intervention. This Motion seeks case-management limitations for the Court's consideration, and further conferral would not narrow the issues presented.

/s/ Daniel E. Hall
Daniel E. Hall, pro se

**CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2026, I served a true and correct copy of the foregoing Motion for Limited Intervention and Proposed Order by electronic mail upon counsel of record for all parties at the email addresses listed on the Court's CM/ECF docket, and by first-class U.S. Mail upon the Clerk of Court.

/s/ Daniel E. Hall
Daniel E. Hall, pro se

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

## UNITED STATES OF AMERICA v. SCANLAN, et al.
### Case No. 1:25-cv-00371-AJ

### (Proposed) ORDER

Before the Court is Pro Se Movant Daniel E. Hall's Motion to Intervene for the Limited Purpose of Seeking an Order Limiting Intervenors' Participation (Fed. R. Civ. P. 24(b)).

The Court, having considered the Motion and the record, ORDERS as follows:

1. The Motion to Intervene is GRANTED for the limited purpose described herein, and no other purpose. Movant Daniel E. Hall is permitted to participate solely to seek and litigate reasonable limits on the scope of participation of the private voter-intervenors (Kurk, Perry, Spencer, Cole).

2. The private voter-intervenors' participation is LIMITED to issues directly implicating their asserted personal-data confidentiality interests, including (as applicable) protective orders, data-security conditions, scope/redaction/minimization, handling, retention, dissemination, and confidentiality safeguards.

3. The private voter-intervenors shall not directly or indirectly file or join dispositive motions (including motions to dismiss or for summary judgment), nor seek case-dispositive relief, and shall not brief broad statutory merits issues except insofar as necessary to support a requested protective condition tied to their personal-data interest, and only upon further leave of Court.

4. Nothing in this Order limits the State Defendants' exclusive ability to litigate all merits issues without displacement or duplication.

SO ORDERED.

Dated: _____           _____
                                 Hon. [Judge/Magistrate], U.S.D.J./U.S.M.J.

Clerk of Court
United States District Court
District of New Hampshire
55 Pleasant Street, Room 200
Concord, NH 03301

Dear Clerk:

Enclosed for filing is Plaintiff's Motion for Limited Intervention and Proposed Order. Copies have been served on all parties.

Respectfully,
Daniel E. Hall



USPS CERTIFIED MAIL®

9507 1067 1176 6041 6884 21

USMS SCREENED

Daniel E. Hall
393 Merrimack Street
Manchester, NH 03103

Clerk of Court
United States District Court
District of New Hampshire
55 Pleasant Street, Room 200
Concord, NH 03301



