# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID M. SCANLAN in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE,<br><br>*Defendants*. | Case No. 1:25-cv-00371-JL<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO INTERVENE (ECF NO. 40)** |

**INTRODUCTION**

Daniel E. Hall, recently prohibited by the Supreme Court from filing further *in forma pauperis* petitions after repeatedly filing frivolous ones, moves to intervene in this case despite lacking any asserted interest in the underlying action whatsoever, purely to belatedly object to the participation of intervenors Neal Kurk, Robert Perry, Louise Spencer, and Christopher Cole (the "Voter Intervenors"). *See In re Hall*, No. 25-5715, 2025 WL 3260285 (U.S. Nov. 24, 2025). The Court should deny his motion, which does not satisfy the threshold requirements of Rule 24(b).

First, the motion comes far too late—five months after the Voter Intervenors moved to intervene, more than a month after their motion (which was ultimately unopposed by the original parties to the case) was granted, and after Voter Intervenors' participation is already well underway. Second, Mr. Hall asserts no actual interest in the matter that could justify intervention, including any related "claim or defense," as required by Rule 24(b)(1). Mr. Hall seeks to meddle in and effectively obstruct these proceedings, despite no claim that he has any valid basis to participate in them. Nor would Mr. Hall's participation aid the Court. Contrary to Mr. Hall's arguments, Voter Intervenors have significant interests in this case, as their motion to intervene explained, and this Court found in granting it. And granting Mr. Hall's motion would prejudice Voter Intervenors, who have been actively participating as full parties, including by filing a motion to dismiss.

The Court should deny Mr. Hall's motion, and it should not allow Mr. Hall to manipulate the adjudication of this case, or future judicial assignments in it, by filing an unfounded motion to intervene in a case in which he claims no actual interest.

**LEGAL STANDARD**

Courts have discretion to grant a "timely motion" for permissive intervention only if the movant has either (a) "a conditional right to intervene" under "a federal statute" or (b) "a claim or

1

defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In exercising their discretion, courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* § 24(b)(3). They also often "consider whether 'the applicants may be helpful in fully developing the case.'" *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) (quoting *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999)).

## ARGUMENT

The Court should deny Mr. Hall's motion because he does not satisfy Rule 24(b)(1)'s requirements and his participation would not aid the Court. Mr. Hall seeks permissive intervention, but that may only be allowed if the would-be intervenor meets Rule 24(b)'s "threshold" requirements. *Mass. Food Ass'n v. Mass. Alc. Bevs. Control Comm'n*, 197 F.3d 560, 568 (1st Cir. 1999). Specifically, the movant must make a "timely motion" and then either (a) identify a federal statute that grants a "conditional right to intervene" or (b) identify a "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Mr. Hall does not meet any of these requirements.

First, Mr. Hall waited too long. The "timeliness inquiry is more rigorous when a movant is seeking permissive intervention," as Mr. Hall does here. *P.R. Tel. Co. v. San Juan Cable, LLC*, 298 F.R.D. 28, 31 (D.P.R. 2014). Mr. Hall waited almost five months after Voter Intervenors moved to intervene and more than a month after the Court granted intervention before taking umbrage with their participation. *See* ECF No. 6 at 15 (moving for intervention September 30, 2025); ECF No. 23 at 4 (granting intervention January 5, 2026). In that time, Voter Intervenors have filed a motion to dismiss and will soon file an opposition to the plaintiff's motion to compel. *See* ECF Nos. 37, 39. Mr. Hall's months-long delay while litigation of this case proceeded is not timely. *See, e.g.*, *Banco Popular de P.R. v. Greenblatt*, 964 F.2d 1227, 1231 (1st Cir. 1992)

(directing courts to consider "the length of time the applicant knew or reasonably should have known that its interest was imperilled [sic] before it moved to intervene"); *In re PM Cross, LLC*, No. BR 13-11075-BAH, 2013 WL 6048810, at *1 (Bankr. D.N.H. Nov. 15, 2013) (denying motion to intervene which was untimely where court had already "rendered its decision" on matter intervenor claimed interest in).

By waiting until *after* the Court granted the Voter Intervenors' motion to intervene—and after Voter Intervenors had begun to substantively litigate the case—Mr. Hall severely prejudiced the existing parties. *In re Bos. Sci. Corp. ERISA Litig.*, 254 F.R.D. 24, 33 (D. Mass. 2008) (citing *Caterino v. Barry*, 922 F.2d 37, 40 (1st Cir. 1990)). In contrast, Mr. Hall will suffer no prejudice at all "if intervention is denied," *id.*, because he asserts no interest in the underlying claims and defenses at all. His lack of timeliness—and the clear prejudice to the existing parties—"dooms [Mr. Hall's] quest for permissive intervention." *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 11 (1st Cir. 2009).

Second, Mr. Hall fails to satisfy the prerequisites for intervention under Rule 24(b)(1)—he identifies neither (a) "a federal statute" that grants him "a conditional right to intervene" nor (b) a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Mr. Hall asserts only an "interest in process" to "protect the integrity of Rule 24." Mot. at 2. That is neither a claim nor a defense. *See Diamond v. Charles*, 476 U.S. 54, 76–77 (1986) (O'Connor, J., concurring in part and concurring in judgment) (explaining that "claims or defenses" in Rule 24(b) "manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit."). In short, Mr. Hall is an officious intermeddler who seeks to limit Voter Intervenors' participation in this case despite lacking any asserted interest of his own in the underlying matter.

3

Third, Mr. Hall's participation will not aid the Court and would merely cause "undu[e] delay [and] prejudice [to] the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Mr. Hall concedes he has nothing to say about the merits of this lawsuit. *See* Mot. at 5. And his "procedural" interest in restricting the Voter Intervenors' participation is entirely groundless. Voter Intervenors' substantial interest in protecting their private information from unlawful disclosure justifies them in opposing DOJ's lawsuit in full, on all available grounds. After all, a successful procedural or merits defense would protect Voter Intervenors' information just as effectively as would a defense based on privacy laws. And as Voter Intervenors also explained in the intervention motion, they possess distinct perspectives from the named governmental defendants, which is likely to aid this Court's resolution of this matter. *Id.* at 12–13. Courts adjudicating parallel lawsuits in other States have welcomed the participation of intervenors for just this purpose. *See United States v. Weber*, No. 2:25-CV-09149-DOC-ADS, 2026 WL 118807, at *13 (C.D. Cal. Jan. 15, 2026) (crediting intervenors' analysis); *United States v. Oregon*, No. 6:25-CV-01666-MTK, 2026 WL 318402, at *9 (D. Or. Feb. 5, 2026) (similar). Moreover, there is no possible prejudice to the original parties, who did not object to Voter Intervenors' participation. Voter Intervenors agreed to abide by any deadlines or schedule set by this Court. ECF No. 23 at 10. They have complied with that agreement to date and have sought extensions only to mirror those already requested by existing parties. Accordingly, there is no sound basis for restricting the Voter Intervenors' participation in this case.

Finally, Voter Intervenors note that it appears Mr. Hall's motion may have affected the judicial assignment of this case, as a result of Mr. Hall's prior, frivolous misconduct complaints against other judges in this district. ECF No. 50; *see* Pet. for Mandamus, *In re Daniel E. Hall*, No. 25-5715 (U.S. Sep. 18), *dismissed and future IFP petitions barred for abuse of process*, 2025 WL

4

3260285 (Nov. 24, 2025). While Voter Intervenors have no objection to the current assignment, they respectfully suggest that Mr. Hall should not be permitted to manipulate the judicial assignment of cases to which he is not a party, and in which he has no meritorious claim for intervention, merely by filing meritless motions to intervene that raise entirely collateral issues.

## CONCLUSION

For the reasons stated above, Intervenors respectfully request that the Court deny Proposed Intervenor Daniel E. Hall's motion to intervene.

Dated: February 27, 2026

Respectfully submitted,

*/s/ Steven J. Dutton*
Steven J. Dutton, NH Bar No. 17101
**McLANE MIDDLETON, P.A.**
900 Elm Street
Manchester, New Hampshire 03101
Telephone: (603) 625-6464
steven.dutton@mclane.com

Paul Twomey, NH Bar No. 2589
**TWOMEY LAW OFFICE**
PO Box 623
Epsom, New Hampshire 03234
Telephone: (603) 568-3254
polotuama7@gmail.com

Elisabeth C. Frost*
David R. Fox*
Christopher D. Dodge*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
efrost@elias.law
dfox@elias.law
cdodge@elias.law
mmcqueen@elias.law

Walker McKusick\*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
(206) 656-0177
wmckusick@elias.law

*Counsel for Intervenor-Defendants*

\* *Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 27, 2026, the foregoing document was served via e-mail on all counsel of record.

*/s/ Steven J. Dutton*
