UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

************************************
United States of America,            *
                                     *
      Plaintiff,             *
v.                                   *    Civil No. 1:25-cv-00371-AJ
                                     *
David M. Scanlan, in his official capacity *
as Secretary of State for the        *
State of New Hampshire,              *
and the State of New Hampshire,      *
                                     *
      Defendants.            *
                                     *
************************************

## OBJECTION TO MOTION FOR ORDER
## TO COMPEL THE PRODUCTION OF RECORDS

Defendants David M. Scanlan, in his official capacity as Secretary of State for the State of New Hampshire, and the State of New Hampshire, by and through their counsel, the New Hampshire Department of Justice, hereby objects to Motion to Compel filed by the United States of America.

### Introduction

As detailed in the Defendants' previously filed Motion to Dismiss and associated memorandum, the Federal Government brought this civil action in an attempt to compel or coerce the New Hampshire Secretary of State and the State of New Hampshire to provide it with a complete, unredacted copy of New Hampshire's statewide voter registration list (SVRL) to which it is not entitled under state or federal law. When the Defendants were not coerced into compliance by the filing of this litigation, the Federal Government came forward with a new argument. Specifically, the Federal Government filed a Motion to Compel arguing that this Court lacked authority to consider the legal basis for the Federal Government's claims against

New Hampshire pursuant to the normal course and the application of the Federal Rules of Civil Procedure.  The Federal Government instead claims it is entitled to have this Court issue an order compelling New Hampshire to produce the SVRL based upon nothing more than a statement by the Federal Government that a written demand has been made and that New Hampshire has declined to comply.

The Federal Government's motion is not founded in the law.  Granting its requested relief would be counter to basic tenents of due process and the rule of law.  As articulated in the Defendants' previously filed Motion to Dismiss and associated memorandum, the Federal Government's demand for an unredacted copy of New Hampshire's SVRL is an unprecedented and illegal demand.  This Court is not compelled to order production without meaningful consideration of the issues.

## Argument

**I. This Court should rule on the Defendants' Motion to Dismiss prior to considering the Federal Government's Motion to Compel.**

The Federal Government's motion argues that under the Fifth Circuit's decision in *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), this civil action should be treated as a proceeding of a summary nature in which the federal district court should not proceed in the normal course pursuant to the Federal Rules of Civil Procedure.  The Federal Government then applies this standard to argue that it is entitled to have the federal court immediately issue an order compelling New Hampshire to produce its SVRL within five days with no further consideration of the Defendants' legal arguments.

The Defendants contest the applicability of the summary proceeding standard outlined in *Lynd*. (See section II below.)  However, setting that issue aside, the Federal Government's

argument that such summary procedures would support the immediate issuing of an order to compel production without ruling on the Defendants' Motion to Dismiss is erroneous.

Even when proceeding in a summary manner as contemplated in *Lynd*, a court faced with an objecting party must set the case "for suitable hearing on the matters open for determination." *Lynd*, 306 F.2d at 226. The matters open for determination include whether the written demand "adequately stated the basis and the purpose therefor." *Id.* at 229. They also include "whether or not any specified particular paper or record comes within [the] broad statutory classification of 'all records and papers … relating to any … act requisite to voting[.]" *Id.* at 226.[1]

In this case, the Defendants' Motion to Dismiss argues that the Federal Government's demand did not adequately state the basis and purpose therefor and it also argues that the papers/records being requested (the SVRL) do not come within the broad statutory classification of all papers and records relating to an act requisite to voting. Further, the Defendants set forth arguments within their Motion to Dismiss demonstrating that the Federal Government's demand for an unredacted copy of the SVRL was made is in direct violation of federal law. While this is an issue not specifically mentioned in *Lynd*, it logically follows that this is the kind of issue which would need to be addressed prior to the issuing of a motion to compel even under the summary proceeding structure advocated for by the Federal Government.

As such, even under the Federal Government's articulation of the state of the law, it would be inappropriate for this Court to grant its Motion to Compel and order immediate

---

[1] The Fifth Circuit Court in *Lynd* discusses the need to make such a judicial determination when a "genuine dispute" as to what papers or records are covered arises "subsequent[]" to the issuing of an order to produce. *Lynd*, 306 F.2d at 226. It is illogical to read such phrasing as the Federal Government attempts to as a temporal limitation that would require a federal court to ignore a genuine dispute over whether a document falls within the purview of the Civil Rights Act when the Federal Government is requesting the court specifically order production of that document (in this case the SVRL).

production of the SVRL within five days without first fully considering and ruling upon the Defendants' Motion to Dismiss.

**II. If this Court denies the Defendants' Motion to Dismiss, the case should proceed in the normal course under the Federal Rules of Civil Procedure.**

The Federal Government's Motion to Compel relies nearly exclusively on precedent from the Fifth Circuit in the early 1960s to support its claim that this action should proceed in a summary manner and without application of the Federal Rules of Civil Procedure. This relied-upon precedent is not controlling upon this federal district court sitting in New Hampshire. Furthermore, its continued applicability even within the Fifth Circuit is at best questionable given the ruling of the United States Supreme Court in *United States v. Powell*, 379 U.S. 48 (1964). As such, it should not be herein applied.

In *Powell*, the Supreme Court of the United States was faced with an action brought under 26 U.S.C. § 7604(a) which provides:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(emphasis added). In considering the appropriate procedures to apply to a civil action seeking "appropriate process to compel" testimony or the production of documents, the Supreme Court wrote:

> Because § 7604(a) contains no provisions specifying the procedure to be followed in invoking the court's jurisdiction, the Federal Rules of Civil Procedure apply, … . The proceedings are initiated by filing a complaint, followed by answer and hearing.

*Powell*, 379 U.S. at 58 n.18. *See generally* Fed. R. Civ. P. 81(a)(5) (expressly providing that the Rules "apply to proceedings to compel testimony or the production of documents through a

- 4 -

subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute, by local rule, or by court order in the proceedings").

This same reasoning applies to actions under the Civil Rights Act. Specifically, 52 U.S.C. § 20705 provides:

> The <u>United States district court</u> for the district in which a demand is made pursuant to section 20703 of this title, or in which a record or paper so demanded is located, <u>shall have jurisdiction by appropriate process to compel</u> the production of such record or paper.

(emphasis added). Like the statutory language at issue in *Powell*, the federal court in a case like this brought under the Civil Rights Act has been granted "jurisdiction by appropriate process to compel" production of documents, 52 U.S.C. § 20705 & 26 U.S.C. § 7604(a), but that statutory conferral of jurisdiction "contains no provisions specifying the procedure to be followed in invoking the court's jurisdiction," *Powell*, 379 U.S. at 58 n.18. As such, under the controlling precedent of the Supreme Court of the United States the Federal Rules of Civil Procedure must be applied to this proceeding in just the same manner as they were found to apply in *Powell*. *See Smith v. City of Jackson*, 544 U.S. 228, 233 (2005) (explaining that the Supreme Court will "begin with the premise that when Congress uses the same language in two statutes having similar purposes . . . it is appropriate to presume that Congress intended that text to have the same meaning in both statutes").

Furthermore, application of the Federal Rules of Civil Procedure to this proceeding serves an important purpose just as they did in *Powell*. Specifically, an adversarial hearing based upon a sufficient factual record must be held prior to the issuing of an enforcement order so that, where appropriate, courts are able to inquire into the reasons underlying the government's

demand for information. *Powell*, 379 U.S. at 58.  As the Supreme Court explained within the tax context, this need to inquire as to the reasons underlying the government's demand is because:

> It is the court's process which is invoked to enforce the administrative summons and a court may not permit its process to be abused.  Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.

*Id.*

      Under this reasoning, should this Court deny the Defendants' Motion to Dismiss, the case would need to proceed through at least limited discovery to develop a factual record as to the Federal Government's true motivations in demanding New Hampshire's SVRL.  As outlined in the Defendant's previously filed Motion to Dismiss and as observed by other federal district courts faced with similar litigation, *see United States v. Weber*, No. 2:25-cv-09149-DOC-ADS, 2026 LX 40897, at *5 (C.D. Cal. Jan. 15, 2026), the Federal Government's actions and the public statements of high ranking federal officials raises a genuine question as to whether the Federal Government's claimed purpose (checking New Hampshire's HAVA compliance) is pretextual.

      WHEREFORE, Defendants respectfully request that this Honorable Court deny the Federal Government's Motion to Compel and proceed forward through the normal course with consideration of Defendants' Motion to Dismiss and, if necessary, discovery thereafter.

Respectfully submitted,

DAVID M. SCANLAN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF NEW HAMPSHIRE

and

THE STATE OF NEW HAMPSHIRE

By their attorneys,

THE OFFICE OF THE
ATTORNEY GENERAL

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: March 5, 2026

/s/ Mary A. Triick
Mary A. Triick, Bar #277277
Senior Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
Mary.A.Triick@doj.nh.gov
603-271-0447

/s/ James H. Holl
James H. Holl, Bar #279633
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
James.H.Holl@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on March 5, 2026, to counsel of record.

/s/ James H. Holl
James H. Holl