UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. SCANLAN in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE,<br>Defendants. | Case No: 1:25-cv-00371-JL |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR ORDER TO COMPEL RECORDS DEMANDED PURSUANT TO THE CIVIL RIGHTS ACT OF 1960 (DOC. 31)**

Plaintiff United States of America respectfully submits this Reply in support of its Motion for Order to Compel Records Demanded Pursuant to the Civil Rights Act of 1960 ("CRA") (Doc. 31). Defendant David Scanlan, Secretary of State for the State of New Hampshire ("Secretary Scanlan") and Intervenor-Defendants make several arguments in opposition to the United States' Motion. *See* Sec'y Scanlan's Obj. to Mot., Doc. 60; Intervenor-Defs.' Mem. in Opp. to Mot., Doc. 61. The United States already has responded to their arguments in its Consolidated Memorandum in Opposition to the Motions to Dismiss by Secretary Scanlan and Intervenor-Defendants. *See* United States' Br. in Opp'n to Mots. to Dismiss, Doc. 51. The United States incorporates those arguments by reference herein.

In its Consolidated Memorandum, the United States addressed at length the three recent District Court decisions[1] discussed by Secretary Scanlan and Intervenor-Defendants. That discussion demonstrates that the CRA is not a similar statute to the provisions of the Internal Revenue Code at issue in *United States v. Powell*, 379 U.S. 48 (1964), as Secretary Scanlan and Intervenor-Defendants contend.[2] *See* United States' Br., Doc. 51 at 9-15. The Fifth Circuit's decision in *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), is completely consistent with *Powell* because it recognized that the remedies available to the Attorney General are "a form of administrative subpoena" that requires only "a summary enforcement proceeding." *Benson*, 2026 WL 362789, at *7.

Nor is the expedited and limited procedure in the CRA altered by the passing reference in a footnote in *Powell* that the Federal Rules of Civil Procedure apply where a statute "contains no provision specifying the procedure…" 379 U.S. at 58 n.18. Rather, as the Supreme Court subsequently clarified, "the post-*Powell* cases, too, are clearly and consistently to the effect that the footnote in *Powell* was not intended to impair a summary enforcement proceeding so long as the rights of the party summoned are protected and an adversary hearing, if requested, is made available." *Donaldson v. United States*, 400 U.S. 517, 529 (1971). That has happened here. Therefore, the "usual notions under the Federal Rules of Civil Procedure" do not apply to the

---

[1] *United States v. Weber*, No. 2:25-cv-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026), *appeal docketed*, No. 26-1232 (9th Cir. Mar. 3, 2026); *United States v. Oregon*, No. 6:25-cv-01666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026), *appeal docketed*, No. 26-1231 (9th Cir. Mar. 3, 2026); *United States v. Benson*, No. 1:25-cv-01148-HYJ-PJG, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026), *appeal docketed*, No. 26-1225 (6th Cir. Feb. 27, 2026).

[2] Sec'y Scanlan's Obj. to Mot., Doc. 60 at 4-5; Intervenor-Defs.' Mem. in Opp. to Mot., Doc. 61 at 5.

CRA's "special statutory proceeding" that the Attorney General is using to compel production of New Hampshire's federal election records. *Lynd*, 306 F.2d at 225-26.

The United States also explained why, contrary to what Intervenor-Defendants argue,[3] the CRA is not limited to compelling records to investigate claims of race-based voting discrimination but also encompasses investigation under federal election statutes such as the Help America Vote Act ("HAVA"). *See* United States' Br., Doc. 51 at 15-19.

Finally, the United States detailed why officers of election, such as Secretary Scanlan, cannot challenge the Attorney General's basis and purpose to investigate New Hampshire's HAVA compliance. *See id.* at 19-22. Therefore, despite what Secretary Scanlan maintains, the CRA does not permit this case "to proceed through at least limited discovery to develop a factual record as to the Federal Government's true motivations in demanding New Hampshire's" statewide voter registration list. Sec'y Scanlan's Obj. to Mot., Doc. 60 at 6; *see also* Intervenor-Defs.' Mem. in Opp. to Mot., Doc. 61 at 12 (same).  As the Fifth Circuit explained, "with respect to the reasons why the Attorney General considers the records essential, there is no place" for discovery on those reasons through "interrogatories…, oral depositions…, production of documents…, or requests for admissions as to facts or genuineness of documents…" *Lynd*, 306 F.2d at 225-26; *cf. Powell*, 379 U.S. at 56 (explaining that there is no judicial oversight "to oversee the [IRS] Commissioner's determinations to investigate"); *Benson*, 2026 WL 362789, at *8 ("[T]he CRA does not allow courts to evaluate the substance of the DOJ's purported basis and purpose").

---

[3] Intervenor-Defs.' Mem. in Opp. to Mot., Doc. 61 at 8-10.

Accordingly, the United States respectfully submits that its Motion for Order to Compel

Records Demanded Pursuant to the Civil Rights Act of 1960 (Doc. 31) should be GRANTED.

DATED: March 12, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General

ERIC V. NEFF
Acting Chief, Voting Section
Civil Rights Division

*/s/ James Thomas Tucker*
JAMES THOMAS TUCKER
BRITTANY E. BENNETT
Attorneys, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
james.t.tucker@usdoj.gov
brittany.bennett@usdoj.gov
Tel. (202) 307-2767
Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsels of record.

*/s/ James Thomas Tucker*
James Thomas Tucker
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: james.t.tucker@usdoj.gov