## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

*************************************

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff, | * |
| v. | *        Civil No. 1:25-cv-00371-JL |
| | * |
| David M. Scanlan, in his official capacity | * |
| as Secretary of State for the | * |
| State of New Hampshire, | * |
| and the State of New Hampshire, | * |
| | * |
| Defendants. | * |
| | * |

*************************************

## REPLY TO OBJECTION TO MOTION TO DISMISS

Defendants David M. Scanlan, in his official capacity as Secretary of State for the State of New Hampshire, and the State of New Hampshire, by and through their counsel, the New Hampshire Department of Justice, hereby reply to the issues raised in the Federal Government's Opposition to the Defendants' Motion to Dismiss.

The majority of the issues raised, and arguments made by the Federal Government in its opposition have been fully and sufficiently briefed by the Defendants in their previously filed Memorandum in Support of Defendants' Motion to Dismiss, ECF No. 32-1, and Objection to Plaintiff's Motion to Compel, ECF No. 60. The Defendants incorporate these arguments herein by reference and offer only brief arguments below regarding the Federal Government's new assertions.

I.    **The SVRL is not a record or paper which must be retained, preserved, and produced pursuant to the Civil Rights Act.**

The Defendants explained in their Memorandum in Support of Defendants' Motion to Dismiss that the SVRL is not a record or paper covered by 52 U.S.C. §

1

20701's retention and preservation requirements. ECF No. 32-1, P.8-9.  Defendants

pointed out, among other things, that it would be inconsistent with precedent and illogical

to think that Congress intended for the SVRL to be among the papers and records subject

to the Civil Rights Act's retention and preservation requirements and that even the courts

which have adopted the broadest application of these retention and preservation

requirements have limited them to "voting-related paperwork." *Id.* (citing *Liebert v.*

*Millis*, 733 F. Supp. 3d 698, 711-12 (W.D. Wis. 2024)).

      Just days after Defendants filed their Motion to Dismiss, a federal district court in

Michigan found, in a separate but extremely similar case, that a state's SVRL is not a

record coming within the retention and preservation requirements of the Civil Rights Act.

*United States v. Benson*, Case No. 1:25-cv-01148-HYJ-PJG, slip op. at 18-22 (W.D.

Mich. Feb. 10, 2026).  In reaching this conclusion, the Michigan court pointed primarily

to the language within the statute that limited the retention and preservation requirements

to papers and records that "come into [the state's] possession[.]" *Id.*  The federal district

court found the plain meaning of this phrase to limit the Civil Rights Act's retention and

preservation requirements to papers and records which government officials obtain,

rather than papers and records which government officials create, and also found this

limitation to be consistent with the purpose of the statute. *Id.*  The federal district court's

ruling is based on sound reasoning with which Defendants agree.

      The Federal Government's subsequently filed opposition, ECF No. 51, attaches

the Michigan federal district court's decision as exhibit 13 and discusses it extensively.

The Federal Government attempts to counter the conclusion reached by that court by

arguing that the phrase "comes into [the state's] possession" does not create the kind of

distinction between received and created records that the federal district court found. Instead, the Federal Government argues that the phrase creates a temporal limit, denoting the imposition of the retention and preservation obligations as starting at a specific point in time. *See* ECF No. 51, P.23-26.

Plaintiff's interpretation is misguided.  While it may have some rhetorical value in countering the findings of the Michigan federal district court, the interpretation offered by the Federal Government also serves to exemplify the point made in the Defendants' original Motion to Dismiss: that it would be illogical to apply the Civil Rights Act's retention and preservation requirements to a state's SVRL.  The SVRL is a relational database, not a static record or paper.  It is a database into which users are consistently adding, changing, and correcting data.  To retain and preserve the SVRL as a record at every temporal moment when the SVRL could be said to "come into" the possession of an applicable state official would effectively require states to save a new, static copy of the database every time a change of any sort was made by any user within the database, therefore creating a new and different record.  Such a requirement would be impractical to the point of impossible and patently absurd.

## II.    The Federal Government's factual claims regarding voter registration applications kept in electronic form are incorrect.

The Federal Government alleges that "today many – and likely even most – voter registration applications are only in electronic form in the SVRL." ECF No. 51, P.23. The Defendants will refrain from taking a position as to whether this assertion is true nationwide, as that is outside the expertise of New Hampshire's state officials.  However, the Federal Government's statement is not true in New Hampshire.

As to New Hampshire, the Federal Government told this Court:

> According to the limited data that New Hampshire Reported to the U.S. Election Assistance Commission (the reported data was incomplete or missing altogether for several categories), it is doubtful that hundreds of thousands of federal voter registration records exist in any medium other than electronic form. A large percentage of voter registration transactions were reported as being through e-mail, online, and in-person, and through computer entries at designated voter registration locations. *See* U.S. Election Assistance Comm'n, Election Administration and Voting Survey 2024 comprehensive Report at 162, 164 (June 2025), *available at* http://www.eac.gov/research-and-data/studies-and-reports (last visited Feb. 20, 2026).

*Id*. at P.23 n.9. These assertions are neither correct nor supported by the citations offered.

What the Federal Government characterizes as "incomplete or missing data" in the U.S. Election Assistance Commission's Report (hereinafter the "EAVS Report") is merely data accurately reflecting the realities of New Hampshire's chosen election system. *See* N.H. RSA 654:7 through N.H. RSA 654:24. New Hampshire does not allow individuals to register to vote online. *Id.* New Hampshire does not have an automatic registration program, nor does it register individuals to vote through the DMV or public assistance offices. *Id.* New Hampshire requires individuals wishing to register to vote to complete a hard-copy standardized voter registration form mostly in person and with only limited exception for use of mail.[1] *Id.* A registrant's paper form is received and processed at the local level and the form must be retained securely in a municipal office under the direction of the town or city clerk, so long as the individual remains on the voting rolls and for seven years thereafter. *Id.*; N.H. RSA 33-A:3-a, CXLI.

---

[1] New Hampshire allows visually impaired voters registering by mail to complete the voter registration form in an electronic format. But the voter must then print off the form and mail a hard copy to their local clerk's office in the same manner as other voters. Local election officials process and retain these printed voter registration forms in the same manner as all other physical registration forms.

4

New Hampshire reported conducting 722,299 voter registration transactions (as having occurred on or between the day after the 2022 general election and the day of the 2024 general election) to the Commission as reflected in the EAVS report. U.S. Election Assistance Commission, Election Administration and Voting Survey 2024 Comprehensive Report (2024), at 162 *available at* https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited March 4, 2026). The EAVS report subdivides this transaction number in two ways relevant here. First, it divides these transactions into new registrations and updates to existing registrations. *Id.* at 173. In New Hampshire, about 90% of the reported transactions were updates being made to existing registrations and only 61,210 were new registrations. *Id.* The EAVS report also subdivides the transactions by source/location. *Id.* at 162-69. New Hampshire reported four sources for its transactions: mail, [2] in person at an election office, at a polling place, and "other source." *Id.* These other sources would include things like an election official/clerk going to a high school to register voters. But, as reflected in New Hampshire's laws discussed above, all of these registrations (except the limited exceptions for mail in registrations) are completed by filling out a paper form in front of an election official. *See* N.H. RSA Chapter 654. For each registrant there is a paper registration form, and all these registration forms are retained by the appropriate local official and are available for inspection in accordance with the Civil Rights Act. *Id.*

Even a cursory examination of New Hampshire's election laws eliminates the undeniable truth that the Federal Government's assertion to this Court—that "it is

---

[2] The Report groups all registrations by mail, email, and fax together. However, New Hampshire law does not permit any registrations by email or fax, so that whole number is attributable to mail-in registrations. *See* N.H. RSA 654:16 through RSA 654:19 (outlining rules for registering by mail).

doubtful that hundreds of thousands of federal voter registration records exist in any medium other than electronic form" in New Hampshire, ECF No. 51, P.23 n.9—is, at best, uninformed speculation by those unfamiliar with New Hampshire law.

     As stated above, the Defendants decline to likewise engage in factual speculation and therefore do not take a position as to whether there are states for whom some voters' registration documents are retained nowhere outside the state's SVRL.  However, it is worth making clear that exclusion of the SVRL itself as a paper or record which must be retained, preserved, and available for inspection under the Civil Rights Act does not relieve a state of its otherwise clear obligations under the Civil Rights Act to retain, preserve, and make available the records and papers (whether electronic or not) completed by voters when registering to vote.  In other words, the placement of a document in the SVRL would not somehow exempt it from production under the Civil Rights Act.  However, its placement in the SVRL also does not somehow transform the database in which it is stored, and all other information contained therein, into a record or paper that must be retained and preserved in its own right.

     WHEREFORE, Defendants respectfully request that this Honorable Court grant the Defendants' Motion to Dismiss, finding the Federal Government's complaint to be wholly without grounding in the law or the facts, for all the reasons stated in the Defendants' Motion and expanded upon herein.

Respectfully submitted,

DAVID M. SCANLAN, IN HIS OFFICIAL
CAPACITY AS SECRETARY OF STATE
FOR THE STATE OF NEW HAMPSHIRE

and

THE STATE OF NEW HAMPSHIRE

By their attorneys,

JOHN M. FORMELLA
ATTORNEY GENERAL

Dated: March 13, 2026          */s/ Mary A. Triick*
                              Mary A. Triick, Bar #277277
                              Senior Assistant Attorney General
                              New Hampshire Department of Justice
                              1 Granite Place South
                              Concord, NH 03301
                              Mary.A.Triick@doj.nh.gov
                              603-271-0447

                              */s/ James H. Holl*
                              James H. Holl, Bar #279633
                              Assistant Attorney General
                              New Hampshire Department of Justice
                              1 Granite Place South
                              Concord, NH 03301
                              James.H.Holl@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by ECF on March 13, 2026, to counsel of record.

                              */s/ James H. Holl*
                              James H. Holl, Bar #279633