FILED - USDC -NH
2026 MAR 13 AM 9:37

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff,                               )
                                             )
v.                                           )    Case No. 1:25-cv-00371-AJ
                                             )
DAVID M. SCANLAN, in his official capacity   )
as Secretary of State for the State of       )
New Hampshire, and the STATE OF NEW          )
HAMPSHIRE,                                   )
                                             )
    Defendants.                              )
                                             )
                                             )
_____)

Daniel E. Hall,
    Proposed Intervenor,
v.
NEAL KURK, ROBERT "BOB" PERRY, LOUISE SPENCER, AND CHRISTOPHER COLE,
    Proposed/Permitted Intervenors.

### REPLY IN SUPPORT OF PRO SE MOTION FOR LIMITED INTERVENTION

Proposed Intervenor Daniel E. Hall respectfully submits this reply in support of his Motion to Intervene for the limited purpose of requesting that the Court impose reasonable scope limitations on the participation of the private voter-intervenors.

The opposition does not address the central issue raised by the motion: **whether permissive intervention, if allowed, should be conditioned so that intervenors remain tethered to the narrow personal-privacy interest they asserted when seeking entry into the case.** Instead, the opposition suggests that intervenors should be permitted to oppose the United States "on all available grounds," which confirms the scope-expansion concern identified in the motion.

The motion does not seek to revisit the Court's decision granting intervention. It requests only that the Court exercise its discretion under Rule 24(b) to ensure that the scope of participation remains consistent with the interest asserted as the basis for intervention.

Page 1 of 7

## I. THE MOTION IS TIMELY BECAUSE IT ADDRESSES POST-INTERVENTION SCOPE

The opposition argues that the motion is untimely because it was filed several months after intervenors initially moved to intervene. That argument misunderstands the nature of the motion. The present motion does not challenge the original request for intervention. Rather, it seeks **case-management limitations** in light of the litigation posture the intervenors adopted after intervention was granted. Only after their proposed answer and subsequent filings did it become clear that intervenors intended to assume the role of full merits defendants, asserting broad statutory defenses and seeking dismissal of the complaint.

Courts routinely evaluate timeliness in light of when the relevant issue becomes apparent. Here, the scope issue arose only after intervenors' pleadings demonstrated that they intended to participate far beyond the confidentiality-based rationale originally asserted. The motion was therefore filed promptly once that posture became clear.

## II. RULE 24(b) EXPRESSLY AUTHORIZES COURTS TO LIMIT INTERVENOR PARTICIPATION

The opposition largely ignores Rule 24(b)(3), which directs courts considering permissive intervention to evaluate whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights."

Courts also recognize that permissive intervention may be appropriate for limited procedural or case-management purposes, even where the intervenor does not seek to litigate the merits of the underlying dispute. Rule 24(b) grants courts broad discretion to allow participation where it may assist the orderly development of the record or the fair administration of the proceedings. See *T-Mobile Northeast LLC v. Town of Barnstable*, 969 F.3d 33, 41 (1st Cir. 2020) (noting courts may

consider whether a proposed intervenor would aid in "fully developing the case"). The limited relief requested here falls squarely within that framework. Proposed Intervenor does not seek to litigate the statutory merits of the case but instead requests a narrowly tailored case-management order ensuring that permissive intervention remains tethered to the privacy interest asserted as the basis for entry into the litigation. That discretion necessarily includes the authority to impose reasonable conditions on the scope of participation.

Courts within the First Circuit have likewise emphasized that permissive intervention should be structured in a manner that avoids unnecessary duplication of party positions and protects the orderly administration of the litigation. Conditioning the scope of participation where an intervenor's asserted interest is narrower than the full merits of the dispute is therefore consistent with the discretionary framework contemplated by Rule 24(b). Even when intervention is granted, it does not follow that intervenors are entitled to litigate every issue in the case. Where an intervenor's asserted interest substantially overlaps with that of an existing governmental defendant, courts routinely limit participation to prevent duplicative briefing and unnecessary expansion of the litigation.

This principle reflects a fundamental feature of permissive intervention: courts may impose conditions to ensure orderly adjudication and prevent duplication or prejudice. The motion does not seek to exclude intervenors from participation entirely. It simply asks the Court to ensure that their participation remains tethered to the interest they asserted when seeking intervention— namely, **protection of their personal identifying information.**

Limiting intervenors to matters directly related to confidentiality, minimization, and protective safeguards is fully consistent with Rule 24(b) and with the Court's inherent authority to manage the scope of proceedings.

### III. THE OPPOSITION CONFIRMS THE SCOPE-CREEP CONCERN

The intervenors' own opposition underscores why such limitations are appropriate. They argue that their privacy interest justifies opposing the United States' claims **"on all available grounds."**

That statement demonstrates the precise problem identified in the motion. A privacy-based interest may justify participation in determining how personal data is handled, but it does not logically extend to litigating the full merits of a sovereign enforcement action.

If intervenors are permitted to oppose the case "on all available grounds," they effectively become full merits defendants despite having entered the litigation based on a narrow personal-information concern. That posture risks duplicating the defenses already asserted by the State defendants and expanding the litigation beyond the interest that justified intervention in the first place.

The limited relief requested by the motion prevents that outcome while preserving intervenors' ability to raise legitimate confidentiality concerns.

Allowing intervenors to oppose the case "on all available grounds," as they request, would effectively transform a privacy-based intervention into full merits-defendant status. Rule 24 does not require such an outcome. Courts frequently impose participation limits where an intervenor's asserted interest does not extend to all issues in the litigation. Without such limits, a narrow interest in data confidentiality could become a vehicle for duplicative merits litigation and expanded party control over a federal enforcement action. The conditional intervention mechanism of Rule 24(b) exists precisely to prevent that form of scope expansion.

The structure of the intervenors' filings illustrates this disconnect. Their motion to intervene relied on a narrow privacy-based interest in the handling of personal voter information, yet their

proposed answer and subsequent filings assert broad merits defenses and seek dismissal of the complaint. The present motion does not challenge the intervenors' ability to raise legitimate confidentiality concerns. It simply asks the Court to ensure that participation remains aligned with the interest asserted as the basis for intervention, consistent with the case-management discretion recognized in Rule 24(b).

## IV. LIMITING PARTICIPATION WOULD REDUCE, NOT INCREASE, DELAY

The opposition also suggests that granting the motion would cause delay. The opposite is true. Without scope limitations, intervenor participation may generate duplicative briefing and multiple sets of merits arguments from parties asserting substantially similar positions. Courts routinely impose reasonable participation limits in order to streamline proceedings and avoid precisely this problem.

The proposed limitation order would allow intervenors to address confidentiality issues while ensuring that the underlying statutory questions remain litigated primarily by the parties responsible for enforcing and administering the relevant federal and state laws.

Such an approach promotes efficiency, avoids unnecessary duplication, and protects the orderly administration of the case.

## V. References to Unrelated Litigation Do Not Bear on the Rule 24 Analysis

The opposition references unrelated proceedings involving Mr. Hall in other courts. Those references do not bear on the issues presented by the pending motion.

The present motion raises a narrow procedural question: whether permissive intervention, if allowed, should be conditioned so that intervenors remain tethered to the specific interest asserted as the basis for their participation. That determination is governed by Rule 24(b), which directs courts to consider factors such as timeliness, common questions of law or fact, and

whether intervention would cause undue delay or prejudice to the adjudication of the original parties' rights.

References to unrelated litigation do not affect that analysis and do not alter the Court's authority under Rule 24(b) to impose reasonable participation limits designed to preserve orderly adjudication of the case.

## VI. CONCLUSION

The motion seeks a modest and practical form of relief. It does not challenge the Court's authority to permit intervention and does not attempt to exclude intervenors from participation. Instead, it asks the Court to exercise the discretion expressly recognized by Rule 24(b) to ensure that intervenor participation remains appropriately limited to the interest that justified their entry into the case.

The motion therefore asks only that the Court apply Rule 24's existing framework to ensure that permissive intervention remains appropriately limited to the interest asserted.

For these reasons, Proposed Intervenor respectfully requests that the Court grant the Motion for Limited Intervention and enter the proposed order limiting intervenor participation to matters directly related to confidentiality, data minimization, and protective handling of personal voter information.

Dated; March 8, 2026

Respectfully submitted,

/s/ Daniel E. Hall
Daniel E. Hall, pro se
393 Merrimack Street
Manchester, NH 03103
603-948-8706

**CERTIFICATE OF SERVICE**

I certify that on March 8, 2026, I served a copy of the foregoing Reply in Support of Motion for Limited Intervention by electronic mail upon all counsel of record.

/s/ Daniel E. Hall
Daniel E. Hall, pro se

D. Hall
393 Merrimack St.
Mas, NH - 03103

USMS SCREENED

FOREVER    USA

CLERK of COURT
55 PLEASANT ST. RM 110
CONCORD, N.H. 03301

0330183954 C011