**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

        v.                                                      Civil No. 1:25-cv-00371-JL

David M. Scanlan, et al.

## ORDER

      Before the Court is pro se movant Daniel E. Hall's motion to intervene in the present proceeding "for the limited purpose of requesting an order limiting the scope of participation of the private voter-intervenors."[1]  After reviewing the parties' submissions, the motion is denied.

      Federal Rule of Civil Procedure 24(b) permits intervention where the movant asserts "a conditional right to intervene by a federal statute" or "a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(A), (B).  Hall identifies neither.  Instead, he asserts a generalized "civic and procedural interest in ensuring that the Court's Rule 24 process is applied consistent with its text and purpose" so that the existing intervenors "are not permitted" to exceed the scope of *their* asserted interests.[2]  That is not a "claim or defense" within the meaning of Rule 24(b), which "manifestly refer[s] to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending lawsuit." *Diamond v. Charles*, 476 U.S. 54, 76–77 (1986) (O'Connor, J., concurring).  Nor does it bear on the merits of the underlying action.  In any event, the management of intervenors and the scope of their participation are matters entrusted to the court's discretion under Rule 24(b)(3), not to concerned civic participants seeking to oversee that process.

      Accordingly, the motion to intervene[3] is DENIED.

        **SO ORDERED.**

                                           _____
                                           Joseph N. Laplante
                                         United States District Judge

Dated: April 21, 2026

Cc: Daniel E. Hall, pro se
Counsel of Record

---

[1] Doc. no. 40 at 1.
[2] Doc. no. 40 at 3.
[3] Doc. no. 40.