**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> *Plaintiff,* <br><br> v. <br><br> DAVID M. SCANLAN, in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE, <br><br> *Defendants.* | Case No. 1:25-cv-00371-JL |

**INTERVENOR-DEFENDANTS' NOTICE OF**
**SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole ("Voter Intervenors") respectfully provide the Court notice of supplemental authority supporting Voter Intervenors' pending Motion to Dismiss. *See* ECF No. 37. Yesterday, a federal district court in Arizona dismissed DOJ's parallel suit seeking Arizona's unredacted statewide voter registration list. *See generally* Am. Order, *United States v. Fontes*, No. 2:26-cv-00066-SMB (D. Ariz. Apr. 28, 2026), ECF No. 50 (attached hereto as Exhibit A). The court first determined, like every other to recently reach the issue, that the Federal Rules of Civil Procedure govern DOJ's suits, and thus are subject to Rule 12(b)(6) motions. *See id.* at 2. Next, adopting the logic of the Michigan district court's decision in *Benson,* the Arizona district court dismissed DOJ's single-count complaint under the Civil Rights Act of 1960 (CRA) on the basis that the State's voter registration list is not a record or paper subject to Title III of the CRA. *See id.* at 6–8 (citing *Benson,* 2026 WL 362789, at *9 (W.D. Mich. Feb. 10, 2026)). Specifically, the court held a statewide voter

1

registration list does not "come into [the] possession" of state election officials, as that phrase is used in the CRA, because it refers to records and papers that election officials receive from external sources, like voters. *Id.* at 6 (quoting 52 U.S.C. § 20701). The district court noted that, in contrast, a voter registration list is an internal record created by the State itself. *Id.*

The court explained that its interpretation was reinforced by other federal list maintenance laws like the NVRA and HAVA. *See id.* at 7–8.[1] For example, the court highlighted that the CRA makes election officials criminally liable for altering election records; the precise opposite of the continuous list maintenance required by HAVA. *See id.*; *see also* 52 U.S.C. § 21083(a)(2)(A) (requiring States to perform list maintenance "on a regular basis").

In sum, six district courts have now dismissed DOJ's complaints in these matters, whereas not one has found it to have stated a valid claim. These decisions support Voter Intervenors' argument that DOJ's complaint must be dismissed as a matter of law. *See* Mem. in Supp. of Mot. to Dismiss, ECF No. 37-1.

---

[1] While New Hampshire claims exemption from the NVRA, *see* Compl. ¶ 25, that statute still has relevance in construing the scope and meaning of *other* congressional enactments, like the CRA. *See Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018) ("It is this Court's duty to interpret Congress's statutes as a harmonious whole rather than at war with one another."). In any event, HAVA alone creates irreconcilable conflicts with the CRA, as the Arizona court explained. *See* Ex. A at 7–8.

Dated: April 29, 2026

Respectfully submitted,

*/s/ Steven J. Dutton*
Steven J. Dutton, NH Bar No. 17101
**McLANE MIDDLETON, P.A.**
900 Elm Street
Manchester, New Hampshire 03101
Telephone: (603) 625-6464
steven.dutton@mclane.com

Paul Twomey, NH Bar No. 2589
**TWOMEY LAW OFFICE**
PO Box 623
Epsom, New Hampshire 03234
Telephone: (603) 568-3254
polotuama7@gmail.com

Elisabeth C. Frost*
David R. Fox*
Christopher D. Dodge*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
efrost@elias.law
dfox@elias.law
cdodge@elias.law
mmcqueen@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
(206) 656-0177
wmckusick@elias.law

*Counsel for Intervenor-Defendants*

*\* Admitted Pro Hac Vice*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2026, the foregoing document was served via e-mail on all counsel of record.

*/s/ Steven J. Dutton*