**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| v. | Case No. 1:25-cv-00371-JL |
| DAVID M. SCANLAN in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE, | |
| *Defendants.* | |

## VOTER INTERVENORS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenors Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole ("Voter Intervenors") respectfully submit this response to Plaintiff's Notice of Supplemental Authority regarding an Office of Legal Counsel ("OLC") opinion. *See* ECF No. 78.

The OLC opinion adds nothing to DOJ's arguments in this case, and it contradicts some of them. It represents nothing more than DOJ's unsurprising view that DOJ is correct in this litigation. Agency opinion letters are afforded no legal deference, *see Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), and the OLC opinion is no different. Moreover, the preparation of an OLC opinion on a subject of ongoing litigation was contrary to OLC's own guidelines. *See Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 3, Off. Legal Couns., U.S. Dep't of Just. (July 16, 2010), https://www.justice.gov/olc/page/file/1511836/dl ("As a prudential matter, OLC generally avoids

1

opining on questions likely to arise in pending or imminent litigation involving the United States as a party.").[1]

In any event, the substance of the OLC opinion supports many of Defendants' and Voter Intervenors' arguments that this case must be dismissed. It confirms that DOJ had no factual basis for its demands of New Hampshire or any other state, as Title III requires, arguing only that DOJ's "basis" was its purpose of investigating NVRA and HAVA compliance. *See* ECF No. 78-1 at 21–24. But that is not what the word "basis" means. OLC's bizarre argument that "the basis and the purpose" is a "legal doublet" like "aid and abet" is unsupported by any citation showing such usage anywhere else, nor any explanation for why Congress in 1960 would have coined a new doublet out of a supposed desire to "include[] both the French and Old English words" so that any Old English speakers in 1960s America could understand legal proceedings supposedly "conducted in Norman French." *See* ECF No. 78-1 at 23 & n.23.[2]

The OLC opinion also confirms that DOJ's demand did not accurately state "the purpose" of DOJ's request. OLC makes clear, on the very first page, that the demands were made "[i]n response to the President's order to identify those who may be voting illegally." ECF No. 78-1 at 1. OLC later confirms that if DOJ finds individuals it believes are non-citizens on the voter list, it "may seek to strike the alien's name from the voter registration list for future elections, refer the alien for prosecution, or both." ECF No. 78-1 at 5. These purposes of investigating individual voters are distinct from evaluating *New Hampshire's* compliance with its own discrete list

---

[1] This Best Practices memo remains in effect, notwithstanding OLC's choice to involve itself in pending litigation here. *See Best Practices for OLC Legal Advice and Written Opinions,* Off. Legal Couns., U.S. Dep't of Just., https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions (Aug. 19, 2024).

[2] "[T]he basis and the purpose" does not fit the legal doublet framework in any event: unlike actual legal doublets like "aid and abet," "basis" and "purpose" are not synonyms and neither term is of Germanic or Old English etymology—they come from Latin and French, respectively—so they could not possibly serve OLC's asserted purpose of such doublets. *See Basis*, Oxford Eng. Dictionary (Dec. 2025); *Purpose (n.)*, Oxford Eng. Dictionary (Mar. 2026).

maintenance obligations—the only purpose reflected in DOJ's demands of New Hampshire. *See generally* ECF Nos. 31-2, 31-4. Nor would investigating individual voters be proper, as nothing in HAVA or the CRA grants DOJ supervisory power over the removal of noncitizens from state voter rolls.

Finally, OLC's analysis confirms that the voter files are outside the scope of Title III, because they are created by state election officials rather than "com[ing] into their possession" from their parties. OLC contends that "[i]f Congress had meant to limit section 303 to materials that a third party has provided state election officers, it had other, more specific words available," such as "receive." ECF No. 78-1 at 9. Yet OLC then defines "receive" as "[*t*]*o come into possession of*, get, acquire, or the like, from any source outside of oneself," and to "indicate[] a transfer of possession from one person . . . to another[.]" *Id.* (emphasis added) (quotations omitted). Those definitions buttress the argument that the CRA does not extend to voter lists. *See* Defs.' Mem. in Supp. of Mot. to Dismiss, ECF No. 32-1 at 8–9.

Dated: May 18, 2026

Respectfully submitted,

*/s/ Steven J. Dutton*
Steven J. Dutton, NH Bar No. 17101
**McLANE MIDDLETON, P.A.**
900 Elm Street
Manchester, New Hampshire 03101
Telephone: (603) 625-6464
steven.dutton@mclane.com

Paul Twomey, NH Bar No. 2589
**TWOMEY LAW OFFICE**
PO Box 623
Epsom, New Hampshire 03234
Telephone: (603) 568-3254
polotuama7@gmail.com

Elisabeth C. Frost*
David R. Fox*
Christopher D. Dodge*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
efrost@elias.law
dfox@elias.law
cdodge@elias.law
mmcqueen@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
wmckusick@elias.law

*Counsel for Intervenor-Defendants*

* *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2026, the foregoing document was served via ECF filing on all counsel of record.

*/s/ Steven J. Dutton*