## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

DAVID M. SCANLAN in his official capacity as Secretary of State for the State of New Hampshire, and the STATE OF NEW HAMPSHIRE,

    *Defendants.*

Case No. 1:25-cv-00371-JL

## <u>VOTER INTERVENORS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>

Intervenors Neal Kurk, Robert "Bob" Perry, Louise Spencer, and Christopher Cole ("Voter Intervenors") respectfully provide the Court notice of supplemental authority supporting their pending Motion to Dismiss. *See* ECF No. 37 (Mot. to Dismiss); ECF No. 37-1 (Mem. Supp. Mot. to Dismiss). Two days ago, in DOJ's parallel suit seeking Michigan's unredacted voter list, the Sixth Circuit affirmed dismissal of DOJ's complaint on two grounds.

First, the Sixth Circuit held that a statewide voter list "is an internally generated electronic database, not a record acquired from an outside source," and so did not "come into" the possession of election officials, as required to be covered by the Civil Rights Act of 1960 ("CRA"). *United States v. Benson*, No. 26-1225, 2026 WL 1815425, at *5 (6th Cir. June 24, 2026). In reaching this conclusion, the court looked to dictionary definitions, ordinary usage, and statutory context. *Id.* at *4–6. The court explained that construing the CRA to cover voter lists, as DOJ urges, would put the CRA "on a collision course with . . . HAVA," because that statute requires election officials to "constantly change" voter lists, while the CRA makes it a crime to "alter" any covered records. *Id.* at *5–6. The court also explained that reading the CRA to extend to all records *in* the possession

1

of election officials would render the phrase "come into" superfluous. *Id.* at *6. And the court rejected many of the same counterarguments DOJ advanced here, such as such as its contention that the phrase "come into possession" creates a "temporal distinction." *Id.* at *6–8; *see* ECF No. 51 at 26.

Second, the Sixth Circuit alternatively held that, even if the CRA could reach a State's voter list, DOJ failed to state both the basis and the purpose for its demand in a single letter, as the CRA requires. *Benson*, 2026 WL 1815425, at *8.

DOJ's position has now been rejected by ten federal courts, including one court of appeals. Not a single court has concluded that DOJ stated a viable claim. Faced with this unanimous and growing body of authority, this Court should likewise dismiss DOJ's complaint as a matter of law.

2

Dated: June 26, 2026

Respectfully submitted,

*/s/ Steven J. Dutton*
Steven J. Dutton, NH Bar No. 17101
**McLANE MIDDLETON, P.A.**
900 Elm Street
Manchester, New Hampshire 03101
Telephone: (603) 625-6464
steven.dutton@mclane.com

Paul Twomey, NH Bar No. 2589
**TWOMEY LAW OFFICE**
PO Box 623
Epsom, New Hampshire 03234
Telephone: (603) 568-3254
polotuama7@gmail.com

Elisabeth C. Frost*
David R. Fox*
Christopher D. Dodge*
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
efrost@elias.law
dfox@elias.law
cdodge@elias.law
mmcqueen@elias.law

Walker McKusick*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
wmckusick@elias.law

*Counsel for Intervenor-Defendants*
*\* Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, the foregoing document was served via ECF filing on all counsel of record.

*/s/ Steven J. Dutton*

4